IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| NASRALDIEN ABDALLA, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No. 2:22-cv-729 |
| v. | ) | |
| | ) | |
| PROGRESSIVE INSURANCE CO. a/k/a | ) | |
| THE PROGRESSIVE CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Insurance Co. a/k/a The Progressive Corporation

("Progressive"), by and through its attorneys, Burns White LLC, and files this Notice of Removal

pursuant to 28 U.S.C. § 1441, *et seq.*  Progressive submits that the United States District Court for

the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and

this matter may be removed to the District Court in accordance with the procedures provided at 28

U.S.C. § 1446.  In further support of this Notice of Removal, Progressive states as follows:

1.      Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas

of Philadelphia County on January 26, 2022.  A true and correct copy of Plaintiff's Complaint is

attached hereto as Exhibit "A."

2.      On February 7, 2022, Plaintiff filed a Praecipe to Substitute Verification.  A true

and correct copy of the Praecipe to Substitute Verification is attached hereto as Exhibit "B."

3.      On February 25, 2022, Plaintiff filed an Affidavit of Service.  A true and correct

copy of the Affidavit of Service is attached hereto as Exhibit "C."

4.      Upon information and belief, the documents attached hereto as Exhibits "A"

through "C" constitute all of the pleadings, process, and orders which were filed in connection

with the state court action.

5.      Plaintiff is an adult individual residing in Philadelphia, Pennsylvania.

6.      Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

7.      "Progressive Insurance Company" is not a legal or corporate entity capable of being sued.

8.      Progressive Specialty Insurance Company issued the insurance policy at issue in this matter.

9.      Progressive Specialty Insurance Company is not incorporated in Pennsylvania, nor does Progressive Specialty Insurance Company have its principal place of business in Pennsylvania.

10.     Rather, Progressive Specialty Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

11.     Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive Specialty Insurance Company was and is a citizen of Ohio.

12.     Plaintiff alleges that he is entitled to collision benefits pursuant to an automobile insurance policy that provided the actual cash value of the vehicle in collision benefits, subject to all of the terms and conditions of the policy.

13.     Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, and seeks punitive damages, interest, and attorney's fees.

14.     The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

15.     In <u>Suber</u>, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

16.     Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. <u>See</u> <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1046 (3d Cir. 1993).

17.     Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy.  <u>See</u> <u>Hatchigan v. State Farm Ins. Co.</u>, 2013 WL 3479436 (E.D. Pa. July 11, 2013); <u>Harvey v. United States Life Ins. Co.</u>, 2008 WL 2805608 (E.D. Pa. 2008).

18.     In <u>Hatchigan</u>, the plaintiff demanded $13,500 plus punitive damages.  The Court noted that a punitive damages multiplier of four times the compensatory damages would exceed $75,000, and therefore held that the amount in controversy exceeded $75,000 and that the amount in controversy requirement of diversity jurisdiction was satisfied.  2013 WL 3479436, at *2.

19.     Similarly, in <u>Harvey</u>, the Eastern District held that it had jurisdiction over a matter in which plaintiff alleged $14,000 in compensatory damages plus punitive damages.  <u>See</u> 2008 WL 2805608, at *2.

20.     As Plaintiff alleges that he is entitled to collision coverage pursuant to an automobile insurance policy that provided the actual cash value of the vehicle in collision benefits, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

21.     Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. § 1332.

22.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

23.     Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC


By:  s/Daniel J. Twilla
     Daniel J. Twilla (PA I.D. 93797)
     E-mail: djtwilla@burnswhite.com
     Kathleen P. Dapper (PA I.D. 315993)
     E-mail:  kpdapper@burnswhite.com
     Burns White Center
     48 26th Street
     Pittsburgh, PA  15222
     (412) 995-3286 – Direct
     (412) 995-3300 – Fax
     Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 25, 2022, the within **NOTICE OF**

**REMOVAL** was served via electronic mail upon the following:

**Via Email: mweinberg@saffwein.com**
Marc A. Weinberg, Esq.
Saffren & Weinberg
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046


s/Daniel J. Twilla
Daniel J. Twilla